**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE MOTION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2705(b)** | Miscellaneous Action No. 24-58 (JEB) |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that:

1. Empower's Motion to Intervene is GRANTED;

2. Empower's Motion to Unseal is GRANTED IN PART and DENIED IN PART; and

3. The Government shall unseal the applications at issue in the manner proposed and file them on the public docket in 7 days unless they have filed an appeal in that time.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 23, 2024

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE MOTION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2705(b) | Miscellaneous Action No. 24-58 (JEB) |

## MEMORANDUM OPINION

On October 19, 2023, following a grand-jury investigation in this district, Jason Foster, former Chief Investigative Counsel to the U.S. Senate Judiciary Committee and founder of Empower Oversight Whistleblowers & Research, received notice that the Department of Justice had served a subpoena on Google in 2017 for records associated with his and other users' Google accounts. See ECF No. 1 (Mot. to Intervene and Unseal) at 1–2. After further investigating the matter, Empower alleges that DOJ filed applications for a non-disclosure order (NDO) to keep Google from notifying anyone that its data was being provided to the Department. Id. at 1. Empower also asserts that "the other accounts listed in the subpoena belonged to other staffers, both Republicans and Democrats, for U.S. House and Senate committees that were similarly engaged in oversight of DOJ." Id. at 2.

Concerned with Justice's possible misuse of its subpoena power to identify confidential whistleblowers providing information to Congress about governmental misconduct, Empower has filed this miscellaneous action seeking to intervene in this concluded investigation and requesting the unsealing of the applications for an NDO that DOJ filed regarding subpoena number GJ2017091241939. Id. at 1, 3. It specifically seeks to identify the basis that the Department offered in support of its applications. Id. at 1. The Government opposes both Empower's request to intervene and its attempt to unseal the applications. See ECF No. 5 (Opp.).

1

The Court ultimately delivers a partial victory to each side, concluding that Empower may intervene in this case but may obtain only limited unsealing of the applications.

I. **Analysis**

Empower's Motion presents two issues: whether it can intervene and, if so, whether unsealing is proper. The Court examines them in turn.

A. Motion to Intervene

While intervention may be either of right or permissive, see Fed. R. Civ. P. 24, Empower bases its action solely on the latter form. See Mot. at 8–12. DOJ contends that although parties may be allowed to intervene in civil cases, Federal Rule of Civil Procedure 24(b) does not provide a right to intervene in grand-jury matters because they are criminal in nature. See Opp. at 2. Empower counters that this Circuit has never recognized such a distinction. See ECF No. 8 (Reply to Opp.) at 4–5. In bolstering this point, it offers numerous cases finding that parties may intervene in criminal cases. See, e.g., United States v. El-Sayegh, 131 F.3d 158, 163 (D.C. Cir. 1997) (accepting right to intervene to assert common-law right of access to plea agreement); United States v. Hubbard, 650 F.2d 293, 307–314 (D.C. Cir. 1980) (allowing church and individual defendants to intervene in criminal case to assert sealing claims); see also In re Fort Totten Metrorail Cases, 960 F. Supp. 2d 2, 5 n.3 (D.D.C. 2013) (permitting intervention under Rule 24(b) in criminal case to access court records). The Court agrees that there is no wholesale bar to permissive intervention in criminal cases and will thus assess whether Empower satisfies Rule 24(b)'s requirements.

Courts may grant intervention where the intervenor makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1)(B). Although a "putative intervenor must ordinarily present: (1) an independent

2

ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action," EEOC v. Nat'l Children's Ctr., 146 F.3d 1042, 1046 (D.C. Cir. 1998), Empower asserts that in cases involving a right of public access, courts take a more flexible approach to Rule 24(b). See Mot. at 8–9. For instance, in a similar case granting intervention to assert such a right, our Circuit found that, with regard to the first two factors, "[a]n independent jurisdictional basis is simply unnecessary," and "intervention . . . may take place long after a case has been terminated." Nat'l Children's Ctr., 146 F.3d at 1047 (internal quotation marks omitted). To assess the final factor, the court applied a liberal view as to whether the factual and legal similarities of the cases presented a common question linking the movant's action to the main suit. Id. at 1047–48. This final factor has been deemed satisfied when "the only common question is whether certain materials are properly sealed." Aristotle Intern., Inc. v. NGP Software, Inc., 714 F. Supp. 2d 1, 19, 21 (D.D.C. 2010).

Given that Empower is likewise seeking to intervene for the limited purpose of unsealing grand-jury materials and the only common question is whether the applications at issue are properly sealed, the Court will reach the same result.

B. Request to Unseal

In examining the merits, the Court must first address the standard that governs Empower's Motion to Unseal. Petitioner asserts that the sealed applications at issue are judicial records and that the common-law and First Amendment rights of access thus apply. See Mot. at 13–23. Justice counters that matters relating to subpoenas in grand-jury proceedings are ancillary grand-jury materials, and, as such, access to them is analyzed according to Federal Rule of Criminal Procedure 6(e)(6), which addresses certain facets of grand-jury secrecy. See Opp. at 3–4. Ancillary matters "relat[e] to proceedings before the grand jury" and "may arise for a

number of reasons." In re Motions of Dow Jones & Co. (Dow Jones I), 142 F.3d 496, 498 (D.C. Cir. 1998) (internal quotation marks omitted). For instance, "Grand juries summon witnesses and documents with subpoenas," and, "at many points, from service of the subpoena through the completion of the witness's grand jury appearance, judicial proceedings relating to the grand jury may take place." Id.; see also In Re New York Times Co., 657 F. Supp. 3d 136, 142 (D.D.C. 2023) (labeling redacted versions of court orders ancillary matters), vacated on other grounds sub nom In re Cheney, 2024 WL 1739096 (D.C. Cir. 2024).

DOJ is correct that Rule 6(e)(6) is the proper standard under which to evaluate Empower's request to unseal grand-jury materials and that the Court need not concern itself with common law or constitutional rights of access. See In re the Application of Jason Leopold to Unseal Certain Elec. Surveillance Applications & Ords. (Leopold), 964 F.3d 1121, 1130 (D.C. Cir. 2020) (Rule 6(e) "expressly directs secrecy as the default position, and thus displaces the common-law right of access."); Dow Jones I, 142 F.3d at 499 ("[T]here is no First Amendment right of access to grand jury proceedings.").

1. *Rule 6(e)(6)*

"Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. Pro. 6(e)(6) (emphasis added). This Circuit has explained that Rule 6(e)(6)'s reference to "a matter occurring before a grand jury" protects "not only what has occurred and what is occurring, but also what is likely to occur" before that body. Dow Jones I, 142 F.3d at 500. Rule 6(e)(6) therefore protects information in ancillary documents that reveals "'the identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions

of jurors, and the like.'" Id. (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C. Cir. 1980)).

The Department argues that the applications at issue are "inextricably linked to matters occurring before the grand jury and impossible to redact in any meaningful way"; as a result, they should be kept under seal in their entirety. See Opp. at 8; see also Dow Jones I, 142 F.3d at 505 ("[S]ometimes 'redaction is simply not possible.'") (quoting In re North, 16 F.3d 1234, 1242 (D.C. Cir. 1994)). Without seeing the applications, Empower counters that it "is confident that 'discrete portions' can 'be redacted without doing violence to their meaning.'" Reply at 16 (quoting In re Grand Jury Subpoena, Judith Miller, 438 F.3d 1138, 1140 (D.C. Cir. 2006)).

After reviewing the applications submitted *in camera* under the Rule 6(e)(6) standard, the Court finds that most of the information that the Department proposes to keep under seal must stay that way and that releasing applications beyond the initial application to extend the NDO is unwarranted. It disagrees, however, that sealing is necessary to the extent that it covers a typical jurisdictional discussion and a setting out of the legal standards that govern NDOs. The Court also finds that the applications, redacted accordingly, still contain enough material to render disclosure useful to Empower.

2. *Local Rule 6.1*

Having established that the released material in the applications would not compromise grand-jury secrecy as required under Rule 6(e)(6), the Court turns to whether it should release the redacted applications. Local Rule 6.1 provides that "[p]apers, orders and transcripts of hearings" in proceedings ancillary to the grand jury "or portions thereof[] may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury" (emphasis added).

Once such a finding has been made, the Circuit has instructed that courts not only may but "should[] release any information so long as it does not reveal" material that Rule 6(e)(6) protects. In re Grand Jury Subpoena, No. 18-3071, Order at 1 (D.C. Cir. Apr. 23, 2019) (emphasis added).

Empower thus requests that the Court use its discretionary disclosure authority, including under Local Rule 6.1, to unseal the redacted materials. See Mot. at 23–24; Reply at 15–16. It argues that doing so will assist the public in ensuring that DOJ is not misusing its subpoena power. See Mot. at 3–4, 14–15. While Empower cannot claim a right to public access, the principle underlying the Local Rule "reflects the antipathy of a democratic country to the notion of 'secret law,' inaccessible to those who are governed by that law." Leopold, 964 F.3d at 1127. Public access, indeed, is both "important to maintaining the integrity and legitimacy of an independent Judicial Branch" and "safeguard[s] against any attempt to employ our courts as instruments of persecution, to promote the search for truth, and to assure confidence in judicial remedies." Id. (quoting Hubbard, 620 F.2d at 315 n.79).

The Department responds that the Court does not have authority to unseal grand-jury material unless one of the multiple exceptions enumerated in Federal Rule of Criminal Procedure 6(e) applies. See Opp. at 5 (citing McKeever v. Barr, 920 F.3d 842, 850 (D.C. Cir. 2019)). McKeever, however, principally dealt with the release of grand-jury testimony and records, id. at 843, whereas this case deals with materials ancillary to the grand jury. There is little doubt that the Court has such authority; indeed, it has repeatedly released ancillary grand-jury materials. See, e.g., In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence (In re Press App. Concerning VP Pence), 678 F. Supp. 3d 135 (D.D.C. 2023).

6

The Court, accordingly, will order the unsealing of the applications to the extent described above in Section I.B.1.

### 3. *Public Disclosure*

Empower has one last card to play in its attempt to obtain unsealing of the entirety of the applications. It points out that the Court has the power to unseal materials where the grand-jury investigation has already been broadly and publicly disclosed. See Reply at 17–18; see, e.g., In re Press App. Concerning VP Pence, 678 F. Supp. 3d at 141–43. Empower asserts that this is the case here given a few media stories and DOJ's public investigation of purported abuses of its subpoena authority. See Reply at 17. The Department argues that news stories quoting people familiar with the investigation are insufficient to allow for unsealing on publicity grounds. See Opp. at 5–7. It points to the fact that the grand-jury proceeding at issue has not been broadly or publicly disclosed by the Government or the witnesses who appeared. Id. at 6. The Court agrees. The publicity concerning the grand-jury materials here is dramatically less than that in other cases where the Court has held that any expectation of secrecy no longer existed. See, e.g., In re Press App. Concerning VP Pence, 678 F. Supp. 3d at 142 (holding publicity allowed for unsealing when grand-jury witness had disclosed his "constitutional challenge to the subpoena, this Court's partial rejection of that challenge, and his intent to testify before the grand jury"). The Court thus concurs with the Department that the disclosure of the grand-jury proceedings in this case is not enough to hold that "the cat is out of the bag," id. (quoting In re Grand Jury Subpoena, Judith Miller, 493 F.3d 152, 155 (D.C. Cir. 2007)), and it will not unseal the applications on publicity grounds.

## II. Conclusion

The Court will grant Empower's request to intervene, and it will grant in part and deny in part its attempt to unseal. The application for the NDO and initial application for an extension to the NDO shall be unsealed in relevant part and filed on the public docket. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: August 23, 2024

# CERTIFICATE OF SERVICE

I, Brian Field, certify that a true and correct copy of the foregoing Order from Which Appeal is Taken was served by U.S. Mail, certified postage prepaid, electronic return receipt requested, on the following counsel for the U.S. government, with a courtesy copy transmitted by electronic mail, to:

Gregg Maisel
Deputy Chief, Criminal Division
Chief, National Security Section
U.S. Attorney's Office – DC
601 D Street, NW
Washington, DC 20579
Gregg.Maisel@usdoj.gov

Jennifer Kennedy Gellie
Executive Deputy Chief
Counterintelligence & Export Control Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
jennifer.gellie@usdoj.gov

/s/Brian J. Field
Brian J. Field