UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 24-5239

———————————————

IN RE: APPLICATION OF THE UNITED
STATES FOR AN ORDER PURSUANT TO
18 U.S.C. § 2705(B)

EMPOWER OVERSIGHT WISTLEBLOWERS
& RESEARCH,                                                                  Appellant,

v.

UNITED STATES OF AMERICA,                                      Appellee.

## MOTION TO HOLD CASE IN ABEYANCE

Appellee, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to hold this case in abeyance pending issuance of the mandate in *In re Sealed Case*, No. 24-5089 (argued Nov. 12, 2024).

As part of a grand-jury investigation, the government applied for (and was granted) a nondisclosure order under 18 U.S.C. § 2705(b) for a Stored Communications Act subpoena. Appellant Empower Oversight

Whistleblowers & Research (Empower) intervened and moved to unseal the application for the § 2705(b) nondisclosure order. Concluding that this unsealing should be analyzed under the grand-jury secrecy rules of Federal Rule of Criminal Procedure 6(e), the district court granted in part and denied in part Empower's unsealing request (see Appendix (A) 84-103). The district court rejected Empower's arguments that the unsealing should instead be evaluated under the First Amendment or the common law right of access, explaining that "DOJ is correct that Rule 6(e)(6) is the proper standard under which to evaluate Empower's request to unseal grand-jury materials and that the Court need not concern itself with common law or constitutional rights of access" (A88) (citing *In re the Application of Jason Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121 (D.C. Cir. 2020); *In re Motions of Dow Jones & Co.*, 142 F.3d 496 (D.C. Cir. 1998)).

On appeal, Empower's primary argument is that the district court should have granted a right of access to the application under the common law or the First Amendment, and it should not have used the Rule 6(e) framework (see Appellant's Brief 17-36, 40-48). That same issue is already pending before this Court in *In re Sealed Case*, No. 24-5089,

which was argued on November 12, 2024. Specifically, the second issue presented in *Sealed Case* is whether the district court abused its discretion in denying access to an application for a § 2705(b) nondisclosure order based on grand-jury secrecy protected by Rule 6(e). *See* U.S. Br. 45-60, *In re Sealed Case*, No. 24-5089. Although some of the facts of the *Sealed Case* litigation differ from the facts here—the grand-jury investigation there was still ongoing, and appellant there also claimed a due-process right to access the application—the underlying legal issue is the same: whether (and to what extent) Rule 6(e) protects an application for a § 2705(b) nondisclosure order. And while it is possible that the *Sealed Case* Panel could reverse on other grounds without reaching the second issue, oral argument did not suggest that such an outcome was especially probable.

*Sealed Case* is thus likely to resolve the key legal issue presented in Empower's appeal. At the very least, *Sealed Case*'s treatment of the same sort of application for a § 2705(b) nondisclosure order will likely factor heavily into the resolution of the issues raised in this appeal. Should the Court proceed with briefing in this case now, the parties probably will request (or this Court will order) supplemental briefing to

3

address *Sealed Case*. Moreover, this is not a time-sensitive appeal. Empower seeks additional unsealing of a single court filing. After the district court's ruling on August 23, 2024, Empower waited two months before filing a notice of appeal, and then obtained an extension for filing its brief, ultimately filing its brief on April 4, 2025. At this stage of the litigation, it makes sense to wait for the guidance of the *Sealed Case* opinion, which will likely be issued in the next few months. The United States respectfully submits that the interests of judicial economy are thus best served by holding this case in abeyance pending the issuance of the mandate in *Sealed Case*.

Counsel for Empower Oversight, Brian J. Field, Esq., has indicated that Empower Oversight will oppose this motion.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/
ERIC HANSFORD
D.C. Bar #1017785
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Eric.Hansford@usdoj.gov
(202) 252-6829

5

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 637 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
ERIC HANSFORD
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Brian J. Field, Esq., on this 18th day of April, 2025.

/s/
ERIC HANSFORD
Assistant United States Attorney